IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORHTERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re the matter of: ) | |
| ) | |
| Cherry Logistics Corp. ) | |
| ) | |
| Debtor ) | 17 – 22532 |
| ) | CHAPTER 7 |
| ) | JUDGE Janet S. Baer |
| ) | |

**MOTION FOR RELIEF FROM AUTOMATIC STAY**

NOW COMES Ronald Larabee, by and through his attorneys, the Law Offices of Peter F. Ferracuti, P.C., and for his Motion FOR RELIEF FROM AUTOMATIC STAY states as follows:

1. The Debtor has filed a petition (the "Petition") for relief under Chapter 7 of the Bankruptcy Code.

2. Prior to the filing of the Petition, your movant filed a claim for personal injuries against the Debtor, the Kroger Co. and Gretencord Tree Service in the Circuit court for the thirteenth Judicial Circuit, LaSalle County, Illinois, as case number 16L57. (the "Lawsuit"). A copy of the Lawsuit is attached hereto as Exhibit A.

3. The Debtor has tendered its defense to co-defendant Gretencord Tree Service and Gretencord's liability insurer, Cincinnati Insurance company ("Cincinnati").

4. Cincinnati has accepted the tender and has appeared on behalf of the Debtor. A copy of the appearance by the in house law firm of Cincinnati insurance is attached hereto as Exhibit B.

5. Your movant, as plaintiff in the Lawsuit, seeks relief from the automatic stay pursuant to section 362(d)(1) of the Bankruptcy Code and cause exists to grant your movant relief from the stay.

6. Cincinnati has accepted full responsibility for your movant's claim and as such neither the debtor nor the Debtor's estate will be prejudiced by lifting the stay to allow the Lawsuit to proceed.

7. Conversely, your movant will be prejudiced if he cannot prosecute his claim for injuries resulting from the Debtor's negligence.

8. As your movant's claim is fully covered by liability insurance, no prejudice will come to other creditors if the stay is lifted.

9. Substantial progress in the prosecution of the Lawsuit has occurred in that written discovery has been answered and depositions have begun, and lifting the stay to allow the Lawsuit to proceed in its current forum promotes judicial economy and permits state law negligence claims to be determined by a state court, where such determinations should be made, and it would be inefficient to the court and the parties to the Lawsuit to litigate your movant's claim in the bankruptcy court now.

10. The Lawsuit is unrelated to, and does not interfere with, the debtor's estate and lifting the stay is appropriate under these circumstances. See *Holtkamp v. Littlefield,* 669 F.2d. 505 (7th Cir. 1982).

11. Counsel for your movant contacted the debtor who advised that he takes no position on this motion and calls to the trustee were not returned as of the filing of this motion.

12. Cause exists for the court to waive the requirement of Bankruptcy Rule 4001(a)(3), allowing the Lawsuit to proceed immediately upon entry of an order lifting the stay

WHEREFORE, Ronald Larabee, prays this Honorable Court enter an order lifting the restraining provisions of section 362 of the Bankruptcy Code as to the case of Ron Larabee v.

Cherry Logistics, et al, and waiving the requirements of Rule 4001(a)(3), and for such other and further relief as the court deems just and proper

                    Respectfully Submitted,

                    **RONALD LARABEE**, Plaintiff,

                    BY: THE LAW OFFICES OF
                    PETER F. FERRACUTI, P.C.

                    Dennis E. Both, Attorney

Dennis E. Both
Law Offices of Peter F. Ferracuti, P.C.
110 E. Main St.
Ottawa, IL 61350
P (815) 434-3535
F (815) 434-4513
dboth@peterferracuti.com