UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Bankruptcy No. 17-22532 |
| Cherry Logistics Corp., | ) | Chapter 7 |
| | ) | Judge Janet S. Baer |
| Debtor. | ) | |
| | ) | |

## NOTICE OF MOTION

TO:   See attached Service List

    YOU ARE HEREBY NOTIFIED that on Wednesday, October 18, 2017, at 9:30 A.M., or as soon thereafter as counsel may be heard, I shall appear before the Honorable Janet S. Baer in Room 615, Everett McKinley Dirksen United States Courthouse, Chicago, Illinois, and then present the attached motion, at which time you may appear if you see so fit.

                                              DREYER, FOOTE, STREIT,
                                              FURGASON & SLOCUM

                                              By   /S/  Michael W. Huseman
                                                    Michael W. Huseman

## PROOF OF SERVICE

I, Michael W. Huseman, at attorney, certify that pursuant to Section II, B, 4 of the Administrative Procedures for the Case Management/Electronic Case Filing System, service of the above Notice of Motion together with a copy of the Motion for Relief from Automatic Stay on all persons identified on the Service List attached, was accomplished through the Court's Electronic Notice for Registrants, and through regular mail for non-registrants, before the hour of 5:00 P.M., September 28, 2017

                                              By    /S/  Michael W. Huseman

Michael W. Huseman
Attorney #06280259
DREYER, FOOTE, STREIT,
FURGASON & SLOCUM
1999 West Downer Place
Aurora, IL 60506
Tele: 630/897-8764
Fax:  630/897-1735
mhuseman@dreyerfoote.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Bankruptcy No. 17-22532 |
| Cherry Logistics Corp., ) | Chapter 7 |
| ) | Judge Janet S. Baer |
| Debtor. ) | |
| ) | |

## MOTION FOR RELIEF FROM AUTOMATIC STAY

NOW COMES Cutberto Valenciano, Jr. ("Valenciano"), by his attorney Michael W. Huseman of Dreyer, Foote, Streit, Furgason & Slocum, P.A., and pursuant to Bankruptcy Rule 4001 states as follows:

1. On July 28, 2017, Cherry Logistics Corp. ("debtor") filed this voluntary chapter 7 case.

2. Consequently, this Court has jurisdiction over this proceeding pursuant to 28 U.S.C. 1334 and 11 U.S.C. 362.

3. On July 11, 2017, Valenciano had filed a complaint for personal injuries against debtor and two other defendants in the Circuit Court of Kane County, Illinois, as Case Number 2017 L 353 (the "personal injury lawsuit"). A true and correct copy of the complaint is attached as Exhibit 1.

4. On September 20, 2017, debtor filed a motion to stay the lawsuit "until plaintiff removes this matter from the automatic stay of bankruptcy court." A true and correct copy of the motion to stay is attached as Exhibit 2.

5. In the motion to stay, debtor states that it has "a policy limit of $1,000,000." *Ex. 2, ¶ 6.*

6. By this Motion, Valenciano requests relief from the automatic stay for cause under Section 362(d)(1) for the limited purpose of prosecuting the personal injury lawsuit against debtor.

7. The Bankruptcy Code does not define "cause" for purposes of Section 362(d)(1). "Cause" is therefore a discretionary matter to be determined on a case by case basis. *In re Benalcazar*, 283 B.R. 514, 535-536 (Bankr. N.D. Ill. 2002).

8. The Seventh Circuit balances the costs and benefits of continuing the stay when litigation is pending in another forum, identifying three factors: (1) the potential prejudice to the debtor or the bankruptcy estate from allowing the non-bankruptcy litigation to continue; (2) the relative hardship to the debtor and to the party seeking relief; and (3) the movant's probability of prevailing on the merits in the litigation. *In re Fernstrom Storage & Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991).

9. Neither the debtor nor the bankruptcy estate will be prejudiced if the personal injury is allowed to continue because debtor has acknowledged the existence of a $1,000,000 insurance policy, which greatly exceeds any potential liability that debtor would face.

10. Valenciano, on the other hand, will be prejudiced if the automatic stay remains in place because critical evidence and witnesses could be lost due to the passage of time. *See, e.g., In re Bock Laundry Mach. Co.*, 37 B.R. 564, 567 (Bankr. N.D. Ohio 1984) ("Personal injury litigation can consume a considerable length of time before a final award is made. Requiring the Movants to forego prosecution of their claims until such time as the stay is no longer in effect will effectively deny them an opportunity to be heard.").

11. Valenciano has a probability of prevailing on the merits. In a case involving a preliminary injunction, one court has noted that "demonstrating likelihood of success on the merits is not to prove that it is certain to prevail at trial. It will ordinarily be enough that the plaintiff has

raised questions going to the merits so serious, substantial, difficult and doubtful as to make them a fair ground for litigation." *In re Rare, LLC*, 298 B.R. 762, 769 (Bankr. D. Colo. 2003).

12. In this case, Valenciano slipped in water and suffered injuries at a property at which debtor was performing maintenance and related services, including but not limited to power washing the floor. The proximate causes of Valenciano's injuries include, among other things, debtor's failure to warn against a dangerous condition at the property and debtor's failure to exercise reasonable control in the hiring, supervision, and control of its agents, employees, and subcontractors.

13. Valenciano request waiver of ten-day stay provided in Bankruptcy Rule 4001 (a)(3).

WHEREFORE, Cutberto Valenciano, Jr. moves for the entry of an order modifying the automatic stay to permit him to proceed with his state court personal injury lawsuit; declaring that the stay set forth in Bankruptcy Rule 4001(a)(3) is not effective with respect to the relief granted in this order; and for such other relief deemed fair and reasonable by this Honorable Court.

DREYER, FOOTE, STREIT,
FURGASON & SLOCUM


By /s/ Michael W. Huseman
Attorneys for Movant


DREYER, FOOTE, STREIT,
FURGASON & SLOCUM
1999 West Downer Place
Aurora, IL 60506
Tele: 630/897-8764
Fax: 630/897-1735
mhuseman@dreyerfoote.com

**SERVICE LIST**

**Registrants served through the Court's electronic notice for registrants**

Amy A. Aronson
Aronson & Walsh, P.C.
PO Box 5907
Vernon Hills, IL 60061
amyaronson@comcast.net

Elizabth A. Bates
Springer Brown, LLC
300 South County Farm Road
Suite I
Wheaton, IL 60187
ebates@springerbrown.com

Dennis E. Both
Law Offices of Peter F. Ferracuti
110 E. Main Street
Ottawa, IL 61350
dbothlaw@att.net

Thomas A. Christensen
Huck Bouma, PC
1755 S. Naperville Road
Wheaton, IL 60187
tchristensen@huckbouma.com

William J. Factor
Law Office of William J. Factor, Ltd.
1363 Shermer Road
Suite 224
Northbrook, IL 60062
wfactor@wfactorlaw.com

Joshua D. Greene
Springer Brown, LLC
300 South County Farm Road
Suite I
Wheaton, IL 60187
jgreene@springerbrown.com

Ariane Holtschlag
Law Office of William J. Factor, Ltd.
105 W. Madison St, Suite 1500
Chicago, IL 60602
aholtschlag@wfactorlaw.com

Richard G. Larsen
Springer Brown, LLC
300 South County Farm Road
Suite I
Wheaton, IL 60187
rlarsen@springerbrown.com

Bryan E. Minier
Lathrop Gage LLP
155 North Wacker Drive
Suite 3000
Chicago, IL 60606
bminier@lathropgage.com

Keven H. Morse
Saul Ewing Arnstein & Lehr LLP
161 N. Clark Street, Suite 4200
Chicago, IL 60601
Kevin.morse@saul.com

Jeffrey K. Paulsen
Law Office of William J. Factor, Ltd.
105 W. Madison St, Suite 1500
Chicago, IL 60602
jpaulsen@wfactorlaw.com

Thomas E. Springer
Springer Brown, LLC
300 South County Farm Road
Suite I
Wheaton, IL 60187
tspringer@springerbrown.com

William A. Williams
Saul Ewing Arnstein & Lehr LLP
161 N. Clark Street, Suite 4200
Chicago, IL 60601
bill.williams@saul.com